AMATO, APPELLEE, *v.*
GENERAL MOTORS CORPORATION, APPELLANT.

[Cite as Amato v. General Motors Corp. (1981),
67 Ohio St. 2d 253.]

(No. 80-1090—Decided July 15, 1981.)

*Mr. Andrew M. Fishman, Mr. Robert B. Weltman, Mr. Leonard J. Schwartz* and *Roger R. Roth,* for appellee.

*Messrs. Jones, Day, Reavis & Pogue, Mr. Patrick F. McCartan, Mr. John L. Strauch, Ms. Kathleen B. Burke* and *Mr. John W. Edwards, II,* for appellant.

HOLMES, J.   The question before this court, while difficult in resolution, may be stated with relative simplicity. Is an order, made pursuant to Civ. R. 23(C), that an action may be maintained as a class action, a final, appealable order pursuant to R. C. 2505.02?

The appellee argues that we need not answer this question because even assuming R. C. 2505.02 provides a right of appeal in cases such as this one, appellant is precluded from exercising this right since there was not compliance with Civ. R.

54(B).[5] When there are multiple claims or multiple parties in a single action, Civ. R. 54(B) permits a trial court to enter a final judgment as to some, but not all, of the claims or parties upon an express determination that there is no just cause for delay.

Here, the trial court made no such determination; therefore, the appellee argues that this appeal was not properly before the Court of Appeals. Also, appellee points out that Pelunis remains a party to these proceedings.

Although this court has not addressed the question of the interplay between Civ. R. 54(B) and the right of appeal from orders certifying, or refusing to certify, class actions,[6] other jurisdictions, with rules similar to Civ. R. 54(B), have addressed the question. We look to those decisions for guidance.

In *Rogelstad* v. *Farmers Union Grain Terminal Assn., Inc.* (N.D. 1974), 224 N.W. 2d 544, the North Dakota Supreme Court ruled that an order, denying certification of an action as maintainable as a class action, is immediately appealable. In rejecting the argument that North Dakota Civil Rule 54(b)[7] precluded an immediate appeal, the court stated:

"We have no precedent in North Dakota which dictates that Rule 54 applies to orders denying class action status. We have considered this matter, and believe that Rule 54 applies to decisions which finally dispose of causes of action, as opposed to matters collateral to the merits of a case, such as the determination that an action may not be maintained as a

---

[5] Civ. R. 54 (B) reads:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

[6] *Roemisch* v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, in holding that an order determining that an action may not be maintained as a class action is a final, appealable order pursuant to R. C. 2505.02, did not address the question of the necessity of compliance with Civ. R. 54 (B).

[7] Like Ohio, North Dakota Civil Rule 54 (b) is based on Rule 54 (b) of the Federal Rules of Civil Procedure.

class action. See 6 Moore's Federal Practice, §54.31 (2d Ed. 1974)."

Similarly, in *Katz* v. *Carte Blanche Corporation* (C.A. 3, 1974), 496 F. 2d 747, 752, the court stated that Federal Rule 54(b) "does not provide a means for reviewing the grant of class action treatment." Also, in *West* v. *Capitol Federal Savings & Loan Assn.* (C.A. 10, 1977), 558 F. 2d 977, the trial court denied certification of an action as a class action. In its order denying certification, the trial court made the requisite Rule 54(b) findings. However, the Court of Appeals dismissed the appeal, holding that Rule 54(b) cannot serve as a vehicle to review a trial judge's decision denying certification of an action as a class action.

Additionally, we note that it has been said that the words "claim for relief," as used in Civ. R. 54(B), are synonymous with "cause of action." 6 Moore's Federal Practice 471, paragraph 54.31. A class action is not a cause of action; rather, it is a procedural mechanism through which many plaintiffs' causes of action may be asserted against a single defendant in one lawsuit. Therefore, based upon the foregoing, we hold that Civ. R. 54(B) does not apply to orders certifying that an action may be maintained as a class action.[8] Consequently, we must decide whether a trial court's order, determining that an action may be maintained as a class action, is immediately appealable.

R. C. 2505.03 states, in relevant part, that "[e]very final order***may be reviewed***." Final orders are defined by R. C. 2505.02, which reads, in part:

"An order affecting a substantial right in an action which

---

[8] Appellee also argues that appellant failed to comply with Local Rule 20 of the Eighth District Court of Appeals. Local Rule 20 provides:

"Appeals involving either multiple claims or multiple parties are not within the jurisdiction of this court unless:

"1. A judgment disposition in the trial court determined all issues and all claims involving all parties, or

"2. A partial disposition in the trial court is accompanied by a determination by that court under Civ. R. 54(B) that there is no just reason to delay entering judgment on issues, claims or parties involved in the partial disposition."

We read Local Rule 20 as being no more than a restatement of the principles contained in Civ. R. 54(B). Since we have held that Civ. R. 54 (B) is not applicable to appeals from orders certifying that an action is maintainable as a class action, it is apparent that Local Rule 20 is likewise not applicable to such appeals.

in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding***.''

In *Roemisch* v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, this court said:

"An order of a trial court, pursuant to Civ. R. 23(C)(1), determining that an action may not be maintained as a class action is a final, appealable order, pursuant to R. C. 2505.02."

In reaching this conclusion, this court reasoned that such an order affects a substantial right which in effect determines the action and prevents a judgment. Here, the appellant argues that a determination allowing an action to be maintained as a class action affects a substantial right and is made in a special proceeding and, therefore, it is a final, appealable order.[9]

That an order relating to the maintenance of an action as a class action affects a substantial right was settled by *Roemisch* v. *Mutual of Omaha Ins. Co., supra.* So, we must decide whether a trial court's ruling on a motion to certify an action as a class action is made in a special proceeding.

The term "special proceeding" has not been defined by the General Assembly. Also, "most modern courts have been less than precise in defining 'special proceeding.'" *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 109.

However, from our cases discussing what is or is not a special proceeding, we are able to glean certain principles relating to special proceedings. First and foremost, this court has been most reluctant to allow interlocutory review of rulings made by a trial during the pendency of litigation by holding that such rulings were made in special proceedings. See *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, and cases discussed therein, at page 447. The policy for this was

---

[9] Because of the way we resolve this argument, we need not consider whether the language of R. C. 2505.02, relied upon by this court in *Roemisch*, could serve as a basis for immediate appellate review in this case. We note that courts in states with statutory language similar to that which was relied upon in *Roemisch* are split on the question. Compare *Holloway* v. *Blue Cross of North Dakota* (N.D. 1980), 294 N.W. 2d 902 (statutory language serves as a basis for reviewing an order determining that an action may be maintained as a class action), with *Eaton* v. *Unified School District No. 1 of Pima County* (App. 1979), 122 Ariz. 391, 595 P. 2d 183, approved and adopted 122 Ariz. 377, 595 P. 2d 169 (statutory language does not serve as a basis of review).

stated in *Squire* v. *Guardian Trust Co.* (1946), 147 Ohio St. 1, 5, as follows:

"The prompt and orderly disposal of litigation is an object much to be desired, and the entertainment of appeals from various orders made by the trial court during the progress of the main action is not in pursuance of such object."

The second principle, derived from our cases, is that in the small class of orders deemed to have been made in special proceedings, "***[a] prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment.***" *Bernbaum* v. *Silverstein, supra,* at page 447. Thus, in *State* v. *Collins, supra,* we held that a trial court's order granting a criminal defendant's motion to suppress evidence is made in a special proceeding because the state would be precluded by double jeopardy principles from any appellate review should the defendant prevail at trial. Likewise, in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 258, we determined that a ruling on a motion to dismiss for double jeopardy was made in a special proceeding. This was because double jeopardy protects a criminal defendant from a second trial, so immediate appeal is necessary.

From the foregoing, we determine that whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the "prompt and orderly disposition of litigation," and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable.

Applying this test to the present question, we hold that the balance tips in favor of immediate review. First, it is not at all certain that judicial resources are wasted by allowing immediate review of an order certifying that an action is maintainable as a class action. A class action can impose enormous burdens upon not only the litigants but also the court. So, a prompt review of an order certifying a class may conserve judicial resources by allowing reversal of orders which improperly certify class actions.[10]

---

[10] In *Roemisch* v. *Mutual of Omaha Ins. Co., supra,* at page 126, it was noted that the efficiency and effectiveness of the judiciary would be diminished by not allowing an immediate appeal. (Concurring opinion.)

Second, there is a question of whether a defendant in a class action can ever get meaningful review of an order certifying a class action if not immediately allowed to do so. Certification of a class action can so increase a defendant's potential liability and the costs of litigation that the defendant would be forced to settle the action, thus foreclosing any possibility of appellate review of the propriety of certification.[11]

Lastly, we are convinced that just as it is necessary for there to be a right of review from orders denying certification of class action status, it is necessary for contrary orders to be reviewed.

Consequently, we hold that an order certifying that an action may be maintained as a class action is made in a special proceeding and, as such, it is a final, appealable order.[12]

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for a hearing on the merits.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and C. BROWN, JJ., concur.

P. BROWN, J., dissents for the reasons stated by Corrigan, J., in his dissent in *Roemisch* v. *Mutual of Omaha Ins. Co.* (1974), 39 Ohio St. 2d 119, 126, and in *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85.

---

[11] One court has doubted that a defendant in a class action would be afforded meaningful review, of a class action order, after a judgment on the merits.

"'* * * Candor compels us to add that as appellate judges we would be reluctant to hold that a class action had been improper after the district court and the parties had expended much time and resources although we might have had serious doubts if we had reviewed the question at the inception of the action.* * *'" *Herbst* v. *International Telephone & Telegraph Corp.* (C.A.2, 1974), 495 F. 2d 1308, 1313.

[12] Appellee also argues that the trial court's order was not final because Civ. R. 23(C)(1) allows the order to be amended or altered at any time prior to judgment on the merits. We disagree. Once the trial court determines that an action may be maintained as a class, the members of the class must be given notice. Civ. R. 23(C)(2). The litigants must at this point begin to prepare, through discovery, for a class action. Also, we note that Civ. R. 23(C)(1) applies to orders both denying and allowing the maintenance of class actions. Since this was not sufficient to deny an appeal in *Roemisch,* it does not deter our holding here.