### Hayes v. Goodson TSI, Inc.
*[Cite as 2 AOA 108]*

*Case No. 89CA34*
*Miami County, (2nd)*
*Decided April 20, 1990*

*Art. II, § 35 O. Const.*
*R.C. 2505.02*
*R.C. 4121.80*
*Civ. R. 54 (B)*

*Neil F. Freund, Freund, Freeze & Arnold, 1000 Talbot Tower, 131 North Ludlow Street, Dayton, Ohio 45410, Attorney for Defendants-Appellants.*

*Thomas J. Buecker, McCulloch, Felger, Fite & Gutmann Company, L.P.A., P.O. Box 910, Piqua, Ohio 45356, Attorney for Plaintiffs-Appellees.*

*Michael D. McClurg, Hanes, Schipfer, Hurley, McClurg, Cooper & Graber, 207 East Main Street, Versailles, Ohio 45380, Attorney for Plaintiffs-Appellees.*

*Jerome L. Skinner, Waite, Schneider, Bayless & Chesley Company, L.P.A., 1513 Central Trust Tower, Cincinnati, Ohio 45202, Attorney for Plaintiffs-Appellees.*

*Per Curiam.*

This is an interlocutory appeal arising from

an action for intentional tort brought pursuant to R.C. 4121.80 by the estate of a deceased employee against his employer. In that action the Plaintiff-Appellee made a demand for a trial by jury. Defendant-Appellant move to limit or strike the jury demand, arguing that R.C. 4121.80(D) reserves the determination of liability for bench trial by the court.

The trial court granted the administrator's demand, finding R.C. 4121.80(D) unconstitutional to the extent that it deprives intentional tort litigants of the right by trial by jury secured by Article I, Section 5 of the Constitution of the State of Ohio. The trial court also found no just reason for delay, pursuant to Civ. R. 54(B), and the matter is now before us for review.

As an initial matter, we must determine whether the order of the trial court denying Defendant-Appellant's motion is a final appealable order for purposes of our review.

That issue was not raised directly by either party in their briefs. However, the parties spent considerable time at oral argument addressing the issue, and both parties urge us to find that we have jurisdiction and to proceed to determination of the issues.

However, for reasons explained below, we are required to conclude that the order of the trial court is not a final appealable order and that we lack jurisdiction to make those determinations.

Courts of Appeals have only such jurisdiction as is or may be provided by law to review and affirm, modify, or reverse final orders or judgments of the trial courts. Section 3(B)(2), Article 4 Ohio Constitution. "It is well-established than an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *General Accident Insurance Co.* v. *Insurance Company of North America* (1989), 44 Ohio St. 3d 17, 20.

The trial court's certification pursuant to Civ. R. 54(B) "that there is no just reason for delay" does not affect the finality of the trial court's order. "[I]t does not affect either the substantive right to appeal or the merits of the claim's and "does not alter the requirement that an order must be final before it is appealable." *General Accident Insurance Co.* v. *Insurance Company of North America, supra,* at 21. The function of the language employed in the rule is to simply put parties on notice when an order or decree has become final for purposes for appeal. *Pokorny* v. *Tilby Development Co.* (1977), 52 Ohio St. 2d 183. "[T]he mere incantation of the required language does not turn an otherwise non-final order into

a final appealable order." *Noble* v. *Colwell,* (1989), 44 Ohio St. 2d 92, 96.

The term "final order" is defined in R.C. 2505.02, which provides in part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, *an order that affects a substantial right made in a special proceeding* or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial." (Emphasis supplied.)

The order of the trial court in this case is manifestly not an order which determines an action or prevents a judgment and is not a form of summary application after judgment.

Therefore, if the order is at all reviewable by this court it must be found to be "an order that affects a substantial right made in a special proceeding".

R.C. 2505.02 requires of an order made in a special proceeding only that it "affects a substantial right", not that it "determines the action and prevents a judgment", the more stringent test provided in the preceding clause of the statute.

The impact upon rights required of special proceeding orders, therefore, is of a lesser order of magnitude and distinct from the test for finality required of orders in regular proceedings. *Senior Citizens Coalition* v. *Public Utilities Commission of Ohio* (1988), 40 Ohio St. 3d 329.

We have no doubt that the order of the trial court "affects a substantial right". The Constitution of Ohio, at Article I, Section 5, provides:

"The right of trial by jury shall be inviolate, except that, in civil cases, law may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

The right to trial by jury is a substantive right. As the Supreme Court stated in *Cleveland Railway Co.* v. *Halliday* (1933), 127 Ohio St. 278, 284:

"* * * [t]he right to a jury trial derives from Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege." See, also 47 *American Jurisprudence* 2d (1969) Jury, Section 8. Though the trial court's order did not

defeat the right, it did "affect" it. Thus, we conclude that the first element of the test for finality has been satisfied.

The General Assembly in enacting R.C.2505.02 has not given us a specific definition of "special proceeding". Of necessity, therefore, that determination has been made by the courts, which have provided a not always consistent approach to the issue and have left us with a test that is, in the end, a subjective determination.

The parties urge us to adopt and follow the reasoning of Judge George in her dissenting opinion in *White* v. *E. Hellman Co., Inc.* (April 22, 1987), Summit App. No. 12891, unreported. Judge George, relying on *Tileberry* v. *Body* (1986), 24 Ohio St. 3d 117, reasoned that because R.C. 4121.80 created an intentional tort claim fund and established a procedure to be used for claims of intentional torts brought by employees against their employers, an order arising from a proceeding brought under the statute is an order made in a special proceeding. That view contrasts a special proceeding with a civil action. "The term, 'civil action,' as used in our statute embraces those actions which . . . were denoted as actions at law or suits in equity; . . . other court proceedings of a civil nature come, generally at least, within the classification of special proceedings." *Noble* v. *Colwell* (1989), *supra*, at 94, *In re Estate of Wyckoff* (1957), 166 OHio St. 354, 357. That same distinction, defining a special proceeding as one that has been brought about by specific legislation creating a special type of action, has been adopted on several occasions by Justice Douglas of the Ohio Supreme Court, though not in majority opinions.[1]

Though we find the positions expressed by Justice Douglas and Judge George persuasive, we are yet bound to follow the fundamental rule and precedent established in *Amato* v. *General Motors Corporation* (1981), 67 Ohio St. 2d 253, in which the Supreme Court stated:

"[W]e determine that whether an order is made in a special proceeding is resolved through a balancing test. This test weights the harm to the "prompt and orderly disposition of litigation," and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." 67 Ohio St. 2d, at 253.

Applying the test in *Amato* to the facts before us, we agree with the parties that appellate determination and review of the order of the trial court would assist the prompt and orderly disposition of litigation. Certainly, a jury trial on the issue of liability will consume the resources of both the trial court and the litigants. If in a subsequent appeal we determine that the trial court erred in mandating a jury trial, those resources will have been wasted. However, this same argument can be made in great many instances of interlocutory appeal, and many of those have presented equally compelling arguments of the same kind. In such cases the courts have usually found those arguments outweighed by the alternate consideration in the *Amato* test, the need for immediate review because appeal after final judgment is not practicable, which is a prime determinative factor. *State ex rel. Eberling* v. *Nugent* (1988), 40 Ohio St. 3d 129. In this case we find that that latter consideration outweighs the former consideration, and we conclude that the order of the trial court is not a final appealable order.

We conclude that appeal after final judgment of the trial court is practicable in this case and will allow disposition of all issues in a more orderly fashion. If Appellant, the employer, does not prevail on the issue of liability, Appellant may again appeal the matter to this court and have the trial court's determination of the constitutionality of the statute determined along with any other issues that may have arisen in the course of the trial. If Appellant prevails a jury trial, it is unlikely that it will bring the matter before this court again.

The parties argue that a post-trial appeal is impracticable because the trial courts have then routinely referred such matters to the Industrial Commission for damage determinations, and the Industrial Commission has declined to act on them. However, we believe that a final judgment of the trial court on the issue of liability will be a final order as defined by R.C. 2505.02 and that review by the appellate courts need not await the determination by the Industrial Commission on the issue of damages mandated by the statute. "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Jolley* v. *Martin Brothers Box Co.* (1952), 158 Ohio St. 416; *Hamilton County Board of Mental Retardation* v. *Professionals Guild of Ohio* (1989), 46 Ohio St. 3d 147, 153. R.C. 4121.80 leaves nothing for the trial court's determination after the determination of liability. The further determination of damages by the Industrial Commission is not appealable because R.C. 4120.80 does not provide for appeal. *Lindblom* v.

*Board of Tax Appeals* (1949), 151 Ohio St. 250. Any final determination of liability is, therefore, a final appealable order, and either party may then seek review of the trial court's determination upon timely notice of appeal. Appeal is, then, practicable.

Our judgment is in accord with the prior judgment and decision of this court in *Leathers* v. *Elder-Beerman Stores* (December 11, 1989), Montgomery App. No. 11427, unreported, construing the same issue and relying *State ex rel. Celebrezze* v. *K & S Circuits, Inc.* (1983), 6 Ohio St. 3d 354.

For the foregoing reasons, we find that the order of the trial court denying Appellant's motion to strike or limit Appellee's demand for a jury trial is not a final appealable order and that this court lacks jurisdiction to hear the cause. The matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed,*
*and cause remanded.*

WILLIAM H. WOLFF, JR., P.J.
JAMES A. BROGAN, J.
THOMAS J. GRADY, J.

_____

[1] *Stewart* v. *Midwestern Indemnity Co.* (1989), 45 Ohio St. 3d 124, 128, (Douglas, J., dissenting); *Lorraine Education Association* v. *Lorraine Board of Education* (1989), 46 Ohio St. 3d 12, 17 (Douglas, J., concurring).