## Bogen v. Prudential Ins. Co.
*[Cite as 5 AOA 369]*

*Case No. CA89-12-076*
*Warren County, (12th)*
*Decided July 30, 1990*

*Ann H. Stewart, Dunlevey, Mahan & Furry, 800 One First National Plaza, 130 W. Second Street, Dayton, Ohio 45402, for Movants-Appellants, Richard L. Furry, Dunlevey, Mahan & Furry Co., L.P.A.*

*Bradley C. Smith, Flanagan, Lieberman, Hoffman & Swaim, 318 W. Fourth Street, Dayton, Ohio 45402-1403, for Respondent-Appellee, Teresa Jeffcott.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Warren County Court of Common Pleas, and the brief of the appellants, oral argument having been waived.

Movants-appellants, Dunlevey, Mahan & Furry, a legal professional association, and Richard L. Furry, appeal an order overruling their motion to quash a subpoena duces tecum issued against them upon request of a former client.

Respondent-appellee, Teresa Jeffcott, the surviving spouse of William T. Jeffcott, Jr., deceased, hired appellants in an effort to recover the proceeds of a large life insurance policy which the decedent's former accounting partnership, Jeffcott & Musgrave, also claimed. Appellee terminated her client relationship with appellants and later hired a different lawyer, Bradley Smith, of the law firm of Flanagan, Lieberman, Hoffman & Swaim. Appellants then refused to turn over the papers and documents appellee had originally delivered to them, claiming an attorney's retaining lien for delinquent legal fees. Smith ultimately issued a subpoena *duces tecum* ordering appellants to produce

"*** all documents, writings, memoranda, contracts, agreements, correspondence, notes, photographs and papers of every kind and nature *** including, but not limited to the original of a certain certificate of insurance *** and the original of the insurance policy relating to said certificate of insurance." The subpoena also ordered Furry to appear for a deposition.

Appellants filed a motion to quash the subpoena. The trial court issued a decision and judgment entry in which it quashed that part of the subpoena duces tecum ordering Furry to appear but overruled appellants' motion regarding the production and inspection of documents. Appellants appeal and in a single assignment of error assert the following:

"The trial court erred to the prejudice of Movants-Appellants, by overruling, in part, the Motions."

Appellants assert that the trial court erred by ordering them to produce records and documents without requiring appellee to provide security to protect appellants' valid retaining lien. In support of this position, appellants rely upon *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App. 3d 76, which is also authority for the proposition that an order overruling a motion to quash a subpoena duces tecum is a final appealable order. For the reasons set forth below, we find Foor distinguishable as to the latter of these two propositions and dismiss the case herein for lack of a final appealable order.

In *Foor, supra*, the plaintiff issued a subpoena *duces tecum* against a nonparty attorney requiring the attorney to produce papers in his possession relating to his representation of the plaintiff prior to the institution of the plaintiff's present action. The attorney filed a motion to quash the subpoena on grounds that he had an attorney's retaining lien upon those papers for amounts due him for representation of the plaintiff. The common pleas court overruled the motion and the attorney appealed. The Franklin County Court of Appeals reversed and held that an order overruling a motion to quash a subpoena duces tecum issued to a nonparty witness was appealable and that the attorney could not be required to produce papers unless conditioned upon the former client's giving security for payment of attorney fees secured by the retaining lien.

The *Foor* court examined the denial of a motion to quash within the context of R.C.

2505.02 which permits appeals in special proceedings affecting a substantial right. To define a special proceeding affecting a substantial right, the court used the balancing test adopted by the supreme court wherein the harm _to the prompt and orderly disposition of litigation is weighed against the need for immediate review because of the impracticality of appeal after final judgment. See *Amato v. General Motors Corp.* (1981), 67 Ohio St. 2d 253. Applying this test, the court made the following observation:

"The right of an attorney to a retaining lien is a substantial right. Enforcement of the subpoena duces tecum would destroy the effectiveness of that retaining lien. Delay until after final judgment between the parties *** would be of no avail *** since the issues involved would be essentially moot because of enforcement of the subpoena *duces tecum*. ***

"Accordingly, applying the principles of *Amato* *** we find that, under the unique circumstances involved, the order overruling the motion of the nonparty witness *** to quash the subpoena duces tecum is a final appealable order." *Foor, supra*, at 78, 79.

In *Foor*, there was also a definite amount claimed as legal fees. In the case at bar, appellee claimed to have paid appellants $33,000 for four months of work from December 1987 to April 1988 and was denied the return of her papers for an unpaid balance of $3,000. According to appellants, these figures are "inaccurate," yet they offer no explanation of the amount claimed under their retaining lien. If we accept appellants' position that appellee's figures are inaccurate, then there is no evidence of the amount due as alleged delinquent fees and it is therefore impossible to ascertain whether the security requested by appellants for release of the papers would present an "onerous burden" upon the client seeking a return of papers. *Foor, supra*, at 81.

Assuming *arguendo*, that the figures provided by appellee are correct, then appellants have retained the documents for well over a year after having been discharged by their former client. This seems a rather inappropriate length of time for a dispute to continue over an amount which is less than ten per cent of the $33,000 appellants have already been paid.

We accordingly find that the case at bar is distinguishable from *Foor, supra*, wherein the amount required as security for the retaining

lien did not present an onerous burden to the former client. Without further information regarding the delinquent fees which form the basis of the retaining lien, we find that the matter herein, in light of the balancing test enunciated in *Amato, supra,* is not a final appealable order.

Accordingly, we hereby dismiss the appeal herein for lack of a final appealable order.

In accordance with the foregoing, it is the order of this court that the instant appeal be, and the same hereby is, dismissed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellants, by their counsel, except.

JONES, P.J., KOEHLER and YOUNG, J.J., concur.