Appellant, Patricia Packo, has filed a motion for reconsideration of this court's December 9, 1999 decision and judgment entry in which we dismissed this appeal because the orders from which it is taken are not final and appealable. Appellee, Laverne Packo, has filed a memorandum in opposition to the motion to reconsider. We find the motion not well-taken.
In 1991, John G. Packo, Jr. died testate. His wife was appointed executrix of his estate which contained assets of approximately $245,000. In May 1992, Patricia Packo, John's sister, presented a claim against the estate for the repayment of loans she allegedly made to John. Patricia's claims against the estate are in excess of $240,000. In July 1993, Laverne rejected Patricia's claim in full. Patricia filed suit in the General Division of the Lucas County Court of Common Pleas to resolve this dispute over the claim against the estate.
By October 1994, $30,000 of estate assets had been spent on attorney fees incurred in the dispute over Patricia's claim. At this point, Laverne dismissed the law firm representing the estate and hired new counsel. Laverne's second attorney became a judge and a third attorney took over representation of the estate. Patricia alleges that a settlement was reached between the parties while Laverne was represented by attorney number two but that it was not finalized. When attorney number three took over representation of the estate, Laverne maintained that no settlement was ever agreed upon. A separate lawsuit was filed by Patricia against Laverne alleging breach of the alleged settlement agreement.
In November 1997, three years after Laverne dismissed the first counsel representing the estate, Patricia filed in the probate court, inter alia, a motion to remove Laverne as executrix of the estate for failure to file accountings, for dissipation of estate assets, and for failure to deposit into the estate monies generated by certain estate assets. On March 4, 1999, Patricia filed a motion to prohibit Laverne's use of estate assets in the defense of the cases pending in the general division of the court. These two motions were denied by the probate court and Patricia filed the present appeal.
This court sua sponte dismissed the appeal, stating that probate estate cases are not "special proceedings" and therefore the orders being appealed are not final and appealable pursuant to R.C. 2505.02. Appellant has asked us to reconsider this determination. In ruling on a motion to reconsider, this court follows Matthews v. Matthews (1981), 5 Ohio App.3d 140, where paragraph two of the syllabus states:
 "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (App.R. 26, construed.)"
We feel that a more thorough analysis of the issue is called for than was given in our order dismissing the appeal on December 9, 1999.
The law concerning what is and what is not a final appealable order continues to evolve[1] and is currently governed by a recently enacted and substantially revised R.C.2505.02[2]. Appellant asserts in her motion to reconsider that the probate court's orders refusing to remove the executor of the estate and confirming the expenditure of attorney fees from estate assets to defend the estate and the executor in the separate actions against them are final appealable orders under either R.C.2505.02(B)(1),(3), or (4).
We find that these orders are not final under R.C.2505.02(B)(1) because they do not "determine the action," that is, they do not conclude the entire estate proceedings.
We further find that these orders are not final under R.C. 2505.02(B)(2), as orders that affect a substantial right made in a special proceeding. A "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). We must apply this definition to the underlying action, i.e., the proceeding to probate an estate, not to the proceeding to remove the executrix or the proceeding to determine whether estate assets should be used in the defense of the cases pending in the general division of the common pleas court. See Walters v. The Enrichment Cent. of Wishing Well, Inc.
(1997), 78 Ohio St.3d 118 and endnote 1, infra.
There is a split in authority in Ohio as to whether probate estate proceedings are "special proceedings." See In theMatter of the Estate of DePugh (Mar. 31, 1995), Miami App. No. 94 CA 43, unreported ("[P]roceedings related to the administration of estates have historically been treated as special proceedings" since they were "specifically exempted from the Code of Civil Procedure at the time of its adoption [in 1853]."); In re Myers
(1995), 107 Ohio App.3d 489 (quoting Hunter's Case (1834), Ohio 6, 499 at 505-02, as follows: "The application to make probate of a will is not included in the definition either of an action or suit. It belongs neither to the common law nor equity jurisdiction conferred upon the court of common pleas, but appertains to the ecclesiastical jurisdiction of the English courts, which is specially conferred upon courts of common pleas as courts of probate."); and In the Matter of the Estate of Knauff
(May 27, 1997), Adams App. No. 96CA623, unreported ("We are aware that proceedings related to estate administration have historically been treated as special proceedings, see, In theMatter of the Estate of DePugh (Mar. 31, 1995), Miami App. No. 94 CA 43, unreported."). Cf. In the Matter of the Estate ofPulford (1997), 122 Ohio App.3d 88 at 91-92 ("[Some] aspects of estate administration not within the jurisdiction of the ecclesiastical courts were within the authority of either the common law courts or the chancery courts. Simes at 967. Thus, the administration of estates was not conducted solely in ecclesiastical courts but rather occurred in both the common law courts and courts of equity in England. Therefore, to declare that estate administration is not a part of the English common law would require an erroneously narrow definition of the common law. Consequently, the administration of decedents' estates was recognized at common law and in equity. Therefore, the procedure for appointment of an administrator is not a special proceeding under the Polikoff definition. Accordingly, this appeal does not emanate from a final appealable order."); In the Matter of theEstate of Islay (Nov. 21, 1997), Trumbull App. No. 97-T-0115, unreported (following Pulford); and In the Matter of the Estate ofAdams (Dec. 30, 1999), Ottawa App. No. OT-98-047, unreported (following Pulford and certifying a conflict with Knauff.)
We agree with the analysis of Pulford and reaffirm our decision that the orders appealed in this case are not orders made in a special proceeding. Recognizing the split of authority among the courts of appeals, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, we hereby certify a conflict to the Supreme Court of Ohio on the following issue: Whether probate estate proceedings are "special proceedings" as that term is defined in R.C. 2505.02(A)(2). The parties are directed to S.Ct.Pract.R. IV.
Appellant's final contention, that the orders being appealed are final and appealable pursuant to R.C. 2505.02(B)(4), was not considered by this court when it sua sponte dismissed this appeal on December 9, 1999. The pertinent parts of R.C. 2505.02
state as follows:
 "(A)(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
 "(B)(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
The two orders being appealed in this case are the denial of a motion to remove the executrix and the denial of a motion to prohibit the use of estate funds to pay for the defense of contested claims against the administratrix and the estate.
This court has previously held that a trial court order "denying a request to remove the fiduciary [is] not immediately appealable as a provisional remedy" because the order does not "deny the appealing party a `meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.'" In the Matter of the Estateof Adams (Dec. 30, 1999), Ottawa App. No. OT-98-047, unreported. We find the same to be true for the order denying the motion to prohibit the use of estate funds to pay for the defense of the contested claim against the executrix and the estate. If the worst case scenario for Patricia occurs, that is, if Laverne wrongfully depletes the estate of all assets through attorney fees and through mismanagement of the estate's funds and assets, Patricia will have recourse at the end of the entire estate proceeding by means of a lawsuit against Laverne personally to recoup the wrongfully used estate assets. This is not akin to the situation where a party is seeking to deny access to an allegedly privileged document, and once the document is disclosed it cannot be undisclosed.
Accordingly, the motion to reconsider is denied.
 PETER M. HANDWORK, J.
JUDGE
 JAMES R. SHERCK, J.
JUDGE CONCUR.
 MELVIN L. RESNICK, J., DISSENTS.
[1] An abbreviated history of the law regarding the final appealability of interim orders (such as an order to remove or not remove an executor of an estate) in probate cases, begins with the case of In Re Estate of Wyckoff v. Gordon (1957), 166 Ohio St. 354
. At that time, R.C. 2505.02 defined a final order as, interalia, "an order affecting a substantial right made in a special proceeding." In Wyckoff, the Supreme Court of Ohio stated that a "special proceeding" is:
 "[A] proceeding in court which was not, under the common-law and equity practice, either an action at law or a suit in equity. See, also, 1 American Jurisprudence, 406, Section 4.
 "We think it can accurately be said that the term, `civil action,' as used in our statutes embraces those actions which, prior to the adoption of the Code of Civil Procedure in 1853 abolishing the distinction between actions at law and suits in equity, were denoted as actions at law or suits in equity; and that other court proceedings of a civil nature come, generally at least, within the classification of special proceedings."
The Wyckoff court then looked to the character of the order being appealed, namely the granting of a motion pursuant to R.C. 2117.07 to present a claim against an estate outside of the time limitation period. The court concluded that the proceedings under R.C. 2117.07 are "special proceedings" within the larger proceedings of probating of an estate.
Subsequent to Wyckoff, several appeals were heard from orders either granting or denying a request to appoint or remove an administrator in an estate probate proceeding. See, e.g., InRe Estate of Young (1964), 4 Ohio App.2d 315; In Re Estate ofJarvis (1980), 67 Ohio App.2d 94; In Re Estate of Henne (1981),66 Ohio St.2d 232. None of these cases discuss the issue of final appealability, presumably relying on Wyckoff that they are final and appealable.
In 1981, the Ohio Supreme Court decided the case ofAmato v. Gen. Motors Corp. (1981), 67 Ohio St.2d 253, in which it formulated a new approach to the issue of whether an order is made in a "special proceeding." The Amato test is that the issue is "resolved through a balancing test. This test weighs the harm to the `prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." Id. at 258. This new development effectively overruled the Wyckoff holding as to what is a "special proceeding."
In 1987, the second appellate district held that an order in a probate estate case which removed the executor of an estate was a final appealable order under the Amato test because the administrator "will have no effective appellate remedy after the administration of the estate has been completed. [His] claimed right to continue to administer this estate will have been effectively lost, because there will be no estate left to administer." In Re Estate of Petrosky v. Duncan (Nov. 17, 1987), Greene App. No. 87 CA 10, unreported.
Subsequent to Amato and Petrosky, several appeals, which, apparently relying on Amato and Petrosky, do not discuss the issue of final appealability, were heard from orders either granting or denying a request to appoint or remove an administrator in a probation of an estate proceeding. See, e.g.,In Re Estate of Wahl (July 15, 1992), Licking App. No. 92-CA-1, unreported; Hoover v. Gamblin (Jan. 27, 1993), Summit App. No. 15707, unreported; In the Matter of the Estate of Radcliff-Umstead
(Mar. 25, 1994), Portage App. No. 93-P-0040, unreported; and Inthe Matter of the Estate of Gease v. Gease (Feb. 11, 1994), Marion App. No. 9-93-37, unreported.
In 1993, the Supreme Court of Ohio again changed the test under which it is determined whether an order is one which "affects a substantial right made in a special proceeding." InPolikoff v. Adam (1993), 67 Ohio St.3d 100, the court returned to the definition of what constitutes a special proceeding that was used in Wyckoff and stated, "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. (Amato v. Gen. Motors Corp.
[1981], 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, overruled.)" Id. at syllabus.
However, while in the Wyckoff case the "special proceeding" test was applied to the specific order appealed from, that is, the order resolving the proceeding to decide the sub-issue of whether a person should be allowed to bring a late claim against the estate, the Supreme Court has, subsequent to Polikoff, held that the "special proceeding" test should be applied to theunderlying action, that is, the entire estate probate proceedings, not to the sub-issue. See, Walters v. TheEnrichment Cent. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118
at 121-122, where the court states,
 "Since there appears to be much confusion among appellate courts as to precisely what was meant in the Polikoff syllabus, we will proceed to clarify that syllabus paragraph. The determining factor of Polikoff
is whether the `action' was recognized at common law or in equity and not whether the `order' was so recognized. In making the determination courts need look only at the underlying action. The type of order being considered is immaterial. To focus on the nature of the order itself is to return to the balancing test of Amato. Such an approach is irreconcilable with Polikoff and more precisely with the above-quoted excerpt from Steckman. Under Polikoff, it is the underlying action that must be examined to determine whether an order was entered in a special proceeding. In the case sub judice, the underlying action was an ordinary civil action, seeking damages. It was recognized at common law and hence was not a special proceeding." (Emphasis added.)
Thus, the present inquiry to be made in determining whether an order is one "made in a special proceeding," is whether the underlying action, for example, the entire estate probate proceedings, an action for breach of contract, an action for negligence, or a wrongful death action, was recognized at common law or in equity. If it was recognized at common law or in equity, it is not an order made in a special proceeding. If it was not recognized at common law or in equity, then a determination of whether the order affects a substantial right must be made.
[2] "2505.02 Final order.
"(A) As used in this section:
 "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 "(3) An order that vacates or sets aside a judgment or grants a new trial;
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 "(5) An order that determines that an action may or may not be maintained as a class action.
 "(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state." Eff 7-22-98.