DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Stoneco, Inc., appeals from a class action decision in the Lorain County Court of Common Pleas, in which the court certified a class based on appellees' amended pleadings and a resubmitted motion to certify. This Court reverses.
 I. {¶ 2} On March 25, 1998, Appellees William Rehoreg, Robert Taylor, Bob Henry Baber and Christopher J. Puma ("Named Plaintiffs") filed a class action complaint, claiming nuisance from appellant's factory emissions and asserting as class plaintiffs all those people within a certain geographic proximity to appellant's facility. On May 5, 1998, appellant answered by denying the allegations, and the case proceeded to discovery. On July 14, 1998, plaintiffs-appellees moved to certify the class, which appellant opposed. The parties submitted extensive briefing and the trial court held a full hearing.
 {¶ 3} On November 25, 1998, Judge Edward M. Zaleski journalized his decision, which denied certification of the class, explaining:
"Because [this court] concludes that issues of exposure to the emissions, proximate cause, injuries and damages would necessarily vary dramatically from individual to individual in the putative class, these issues cannot be efficiently dealt with on a class-wide basis. Given this shortcoming, other available methods must be, by definition, better suited to resolve these issues.
"While there are certainly allegation[s] of conduct by Defendant which would, in theory, form a portion of the claim for relief of each putative class member, [this court] is unable to conclude that such issues predominate over individual questions. To the contrary, the alleged emissions from Defendant's asphalt plant would, by definition, produce widely divergent impact upon different members of the geographically-defined class. The differences are inherent because of varying proximity to the plant, prevailing winds, weather and the extent of exposure predominate over whatever common questions of law or fact may exist."
Appellees did not appeal this decision.
 {¶ 4} On January 8, 1999, this case was transferred to the docket of incoming Judge Mark A. Betleski, who granted plaintiffs-appellees leave to file a new motion for class certification. Appellant objected and opposed this ruling. On May 7, 1999, appellees moved to certify a revised class and concurrently moved for leave to file an amended complaint. Appellant opposed, and extensive motion practice and conferences ensued.
 {¶ 5} Almost five years later, on April 9, 2004, Judge Betleski journalized his decision, which granted certification of the class, stating succinctly:
"The plaintiff's motion for certification of the reduction-in-value class, filed on May 7, 1999, is granted. [Citations omitted.]
"Within 30 days of the filing of this order, counsel for plaintiff shall deliver a full judgment entry to [this court] which is consistent with this order and which satisfies the requirements set forth in Warner v. Waste Management, Inc."
On May 5, 2004, appellees filed their amended complaint, and on May 7, 2004, appellees proffered the written judgment entry required by the Order.
 {¶ 6} On May 11, 2004, Judge Betleski journalized his further decision, which: (1) endorsed appellees' 10-page judgment entry, signed by Judge Betleski and filed with the court; (2) accepted appellees' amended complaint, and (3) recognized the appeal to this Court, thus removing the case to the inactive docket. Appellant has timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED WHEN IT ALLOWED PLAINTIFFS TO MODIFY THE CLASS ACTION AFTER PLAINTIFF'S FAILED TO APPEAL THE FINAL ORDER DENYING CLASS ACTION[.]" [sic]
 {¶ 7} Appellant urges that Judge Zaleski's November 25, 1998 denial of class certification was a final, appealable order and that appellees' failure to appeal at that time precludes further contest over that issue. This Court agrees.
 {¶ 8} Under Ohio law, the grant or denial of class certification is a final appealable order:
"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
"(5) An order that determines that an action may or may not be maintained as a class action[.]" R.C. 2505.02(B)(5).
Accordingly, the aggrieved party must appeal, if at all, within 30 days of the judgment entry, or else waive that appeal and accept the decision. App.R. 4(A); App.R. 5(A)(1). The Ohio Supreme Court reasoned that class certification decisions must be appealable:
"Such order clearly affects `a substantial right' of the class which `in effect determines the action and prevents a judgment' adverse or favorable to the class. Rights and judgments do not attach in the abstract, but rather to persons. Civ.R. 23 contemplates an action between a class and `the party opposing the class.' In this action, a member of the class, acting as the nominal, representative plaintiff, brought suit on behalf of his class. The class action was dismissed, thus foreclosing a judgment for or against the class, determining the class action to be at an end, and denying the class the right, pursuant to Civ.R. 23, to maintain the action." Roemisch v. Mut. of Omaha Ins. Co. (1974),39 Ohio St.2d 119, 122, quoting R.C. 2505.02.
As a consequence, the judgment entry "determines the legal insufficiency of the complaint as a class suit and preserves for theplaintiff alone his cause of action." (Emphasis added.) Id. at 123.
 {¶ 9} Judge Zaleski's November 25, 1998 denial of class certification was a final, appealable order. See R.C. 2505.02(B)(5); State ex rel.Shelton v. Fireman's and Policeman's Death Benefit Fund (1999),125 Ohio App.3d 559, 566, fn.1. Appellees did not appeal that decision, and thereby waived opposition and accepted the decision. See App.R. 4(A); App.R. 5(A)(1). Therefore, the class claim was dismissed, while the Named Plaintiffs maintained their individual claims against appellant. See Roemisch, 39 Ohio St.2d at 123.
 {¶ 10} Appellant posits that one attempt at class certification with its associated right to appeal is sufficient to ensure fair determination of the issue, and Judge Zaleski's November 25, 1998 order is conclusive as a matter of res judicata. We tend to agree, based on the principles of issue preclusion and law of the case:
"The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." (Quotations and citations omitted.) State ex rel. Stacy v. Batavia Local School Dist.Bd. of Ed. (2002), 97 Ohio St.3d 269; 2002-Ohio-6322, ¶ 16.
"[U]nder [law of the case] doctrine, a reviewing court's decision [is] the law in the reviewed case for all legal questions and for all subsequent proceedings in the case. * * * [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Internal quotations and citations omitted.) State ex rel. Sharif v. McDonnell
(2001), 91 Ohio St.3d 46, 47.
That is, when the trial court renders a decision on a particular issue, and that decision is both final and appealable, then following such appeal or waiver of appeal, the aggrieved party is precluded from resubmitting this same issue to the trial court in an effort to obtain a different result.
 {¶ 11} Appellant explains that the two class certification issues, one presented to Judge Zaleski and the other to Judge Betleski, overlap in all respects but the damage calculation. Judge Zaleski concluded:
"[T]he alleged emissions from Defendant's asphalt plant would, by definition, produce widely divergent impact upon different members of the geographically-defined class. The differences are inherent because of varying proximity to the plant, prevailing winds, weather and the extent of exposure predominate over whatever common questions of law or fact may exist."
Appellees resubmitted the motion, seeking to certify a different but still geographically-defined class, in which appellees sought a new form of damages. Judge Betleski expressly acknowledged this distinction in his May 11, 2004 journal entry. However, the causation issue that troubled Judge Zaleski remained unresolved. Judge Betleski stated:
"In the instant case, there are two primary issues, and both are common to the class as a whole: Was there a reduction in property value and/or rental value proximately caused by [appellant's] Plant, and is such reduction legally recoverable by the owners of the affected properties?" (Emphasis added.)
Therefore, Judge Zaleski's concerns over differing proximity, prevailing winds, weather, and time of exposure remained pertinent to these "primary issues" facing Judge Betleski. This Court is persuaded that this is the same issue, brought once to Judge Zaleski and then resubmitted to Judge Betleski, merely seeking a different outcome. See, also, Adair v. Dayton Walther Corp. (Feb. 4, 1993), 2nd Dist. No. 13429 (finding proximate cause issues too disparate to support class action).
 {¶ 12} In response, appellees contend that, despite an initial trial court ruling and the right to appeal, the aggrieved party may resubmit the motion to certify to the trial judge. Theoretically, under such a rule, the aggrieved party could resubmit the motion to certify the class over and over again, forcing the opposing party to contest, and the courts to rule on, each and every successive submission. We find that such an approach would be impractical, imprudent and contrary to the concept of finality that resides in all court decisions. See Gabbard v.Ohio Bur. of Workers' Comp., 10th Dist. No. 02AP-976 and 02AP-1168, 2003-Ohio-2265, ¶ 33 (explaining the potential pitfalls with allowing repeated appeals of modifications to class certification). See, also,Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 63
(recognizing that important public and private interests underscore finality of judgments). Certainly, had appellees timely appealed the denial of class certification to this Court, then the decision of this Court would be conclusive and further consideration precluded by law of the case. See State ex rel. Sharif, 91 Ohio St.3d at 47. We find the same reasoning applicable where appellees waived the right to appeal.
 {¶ 13} Appellees support their position by arguing that class modifications are allowed under Civ.R. 23, and by relying on peculiar language from Amato v. Gen. Motors Corp. (1981), 67 Ohio St.2d 253
(overruled). We find appellees' arguments unpersuasive. First, we note that the present case involves no amendment, addendum, alteration or modification to a class certification; it is at best a resurrection of a certification already extinguished. A change to a certified class presupposes the existence of some class that may be changed, amended, altered or modified. It is impossible to change a non-existent entity, which is what the purported class was upon Judge Zaleski's denial of appellees' motion. Because there was no class in existence, there was nothing to modify.
 {¶ 14} As to appellees' contention that Amato provides for such amendment by express language, urging a quote taken out-of-context to insist that "Civ.R. 23(C)(1) allows the order to be amended or altered at any time prior to judgment on the merits." See id. at 259, fn.12. As stated above, even this presupposes an existing class certification that may be amended or altered, which is not the case here. Also, the language quoted, once placed in context, was merely an unpersuasive argument recited by the Supreme Court in refuting that a grant of class certification was not a final, appealable order. Id. Actually, the Amato
Court concluded the opposite: despite this ability to amend or alter the certification, both the grant and denial of class certification are final, appealable orders. Id. However, more significantly, the Supreme Court has expressly overruled the Amato reasoning on multiple occasions.Polikoff v. Adam (1993), 67 Ohio St.3d 100, 107; State ex rel. Steckmanv. Jackson (1994), 70 Ohio St.3d 420, 438; State v. Williams (1996),76 Ohio St.3d 290, 294. Finally, we recognize that the entire purpose of the Amato opinion was superseded by revised R.C. 2505.02, which now expressly provides that both the grant and denial of class certification are final appealable orders. Therefore, appellees' reliance on Amato is misplaced.
 {¶ 15} This Court finds appellant's argument to be well taken and conclude that Judge Betleski's circumvention of Judge Zaleski's November 25, 1998 denial of class certification to be in error. Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED WHEN IT CERTIFIED PLAINTIFFS' REDUCTION-IN-VALUE CLASS[.]" [sic]
 {¶ 16} Appellant challenges the grant of class certification, as an abuse of discretion, based on the substance of that determination. Because of our decision in the first assignment of error, we need not address this second assignment of error. As such, this second assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 17} Appellant's first assignment of error is sustained, and the second assignment of error is rendered moot. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Whitmore, J. Boyle, J. concur.