[Cite as *Strickler v. First Ohio Banc & Lending, Inc.*, 2013-Ohio-1221.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LYNN A. STRICKLER, et al.

    Appellees

    v.

FIRST OHIO BANC & LENDING, INC.,
et al.

    Appellants

C.A. No.     12CA010178

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07-CV-151964

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

WHITMORE, Judge.

{¶1}    Defendant-Appellants, First Ohio Banc & Lending, Inc. ("First Ohio"), Western Surety Company, and Capitol Indemnity Corporation (Western and Capitol, collectively, "the Sureties"), appeal from the judgment of the Lorain County Court of Common Pleas, granting Plaintiff-Appellees, Lynn Strickler and Keith Krese's, motion for class certification. This Court affirms.

I

{¶2}    Both Strickler and Krese used First Ohio as their mortgage broker when they obtained residential mortgage loans from lenders who are not a part of this action. Strickler obtained a home loan in 2006, and Krese obtained a home loan and home equity loan in 2005. As a part of the loan application process, First Ohio provided Strickler and Krese with residential mortgage loan origination disclosure statements. Subsequently, both Strickler and Krese became dissatisfied with the loans they received. Specifically, each felt that one or more aspects of the

loan did not comport with the representations that First Ohio's agents had made during the loan process. Each ultimately consulted with the same attorney. In reviewing their respective cases, Stickler and Krese's attorney reviewed the disclosure statements First Ohio had provided them during the loan process and discovered that certain required information had been omitted.

{¶3} Strickler and Krese brought suit against First Ohio, the Sureties (the issuers of First Ohio's mortgage broker bonds), and the individual agents from First Ohio with whom they had dealt during the loan application process. Relevant to this appeal, Strickler and Krese sought to bring the first two counts of their complaint as a class action. The first count was directed at First Ohio and alleged that First Ohio had failed to provide buyers with disclosure statements that complied with R.C. 1322.062. The second count was directed at the Sureties and sought payment of First Ohio's broker bonds as relief, should the class prevail on the count against First Ohio. Strickler and Krese sought to certify as a class: "all persons who, during the period from May 2, 2002,[1] to the present, purchased services from [First Ohio] relating to a mortgage loan on Ohio realty."

{¶4} Before Strickler and Krese filed their motion for class certification, the parties filed a stipulation with the trial court, asking it to rule upon certain substantive issues before considering the merits of class certification. Specifically, the parties asked the court to decide: (1) whether the disclosure statements that First Ohio provided its buyers from May 2, 2002, to present complied with R.C. 1322.062; and (2) whether First Ohio was subject to liability for any

---

[1] May 2, 2002, is the date when R.C. 1322.062, the statute containing the disclosure requirements for mortgage loan origination disclosure statements, became effective.

deficiencies in the statements under R.C. 1322.11. The trial court agreed to the stipulation and allowed the parties to file cross-motions for partial summary judgment. The parties filed their respective motions and also jointly filed the sixteen versions of the disclosure statements that First Ohio gave its customers from May 2, 2002, to present. Subsequently, the court granted Strickler and Krese's motion for partial summary judgment and determined both that (1) First Ohio's disclosure statements violated R.C. 1322.062 for various reasons; and (2) First Ohio was liable for the violations under R.C. 1322.11. In making its ruling, the court determined that any violation of R.C. 1322.062 gives rise to a damage award under R.C. 1322.11 because "[s]ome amount of damage must be assumed in order to effectuate the purpose of the statute * * *."

{¶5} After the trial court's partial summary judgment ruling, Strickler and Krese filed their motion for class certification, and First Ohio and the Sureties filed a brief in opposition. The trial court granted Strickler and Krese's motion and certified the following class: "all persons who purchased services from First Ohio related to a mortgage loan on Ohio realty during the period of May 2, 2002 to the present." In doing so, the court named Strickler and Krese as the class representatives.

{¶6} First Ohio and the Sureties now appeal from the trial court's decision to grant Stickler and Krese's motion for class certification and raise eight assignments of error for our review. For ease of analysis, we combine several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN CERTIFYING THE CLASS UNDER CIV.R. 23(A) FOR THE REASON THAT THE PROPOSED CLASS REPRESENTATIVES AND PROPOSED CLASS MEMBERS MUST, FOR PURPOSES OF STANDING, FIRST ESTABLISH THAT AN INJURY IN FACT WAS CAUSED BY A VIOLATION OF R.C. 1322.062.

## Assignment of Error Number Two

THE TRIAL COURT ERRED, CONTRARY TO LAW, IN FINDING THAT THE PRINTED FEE CALCULATION STATEMENT IN FIRST OHIO'S DISCLOSURE FORMS WAS DEFICIENT UNDER R.C. 1322.11(A)(1)(f).

## Assignment of Error Number Three

THE TRIAL COURT ERRED IN CONCLUDING, CONTRARY TO LAW, THAT THE CLASS REPRESENTATIVES ARE MEMBERS OF THE PROPOSED CLASS.

{¶7} In their first and second assignments of error, First Ohio and the Sureties argue that the trial court erred in certifying a class because Strickler and Krese failed to demonstrate that there were questions of law or fact common to the class. In the first assignment, they argue that the common question of injury was not proven for purposes of standing because a violation of R.C. 1322.062 only results in a damage award upon proof of actual injury. In the second assignment, they argue that the common question of liability was not proven because the trial court erred when it concluded that First Ohio's disclosure forms contained deficiencies. In their third assignment of error, First Ohio and the Sureties argue that Strickler and Krese lacked standing to prosecute the class action because they failed to demonstrate an injury in fact.

{¶8} For an action to be certified as a class action, there must be questions of law or fact common to the class. Civ.R. 23(A)(2). *See also In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, ¶ 6. "If there is a common nucleus of operative facts, or a common liability issue, the rule is satisfied." *Hamilton v. Ohio Sav. Bank*, 82 Ohio St.3d 67, 77 (1998). The commonality prerequisite is distinct from the prerequisite that named class representatives be members of the class they seek to certify. *See In re Consol. Mtge. Satisfaction Cases* at ¶ 6. "The class membership prerequisite requires that the class representative possess standing and 'have an action' for the remedy he or she seeks on behalf of the class." (Emphasis

omitted.) *Mozingo v. 2007 Gaslight Ohio, L.L.C.*, 9th Dist. Nos. 26164 & 26172, 2012-Ohio-5157, ¶ 14, quoting *Hamilton* at 74. "In order to have standing to sue as a class representative, the plaintiff must possess the same interest and suffer the same injury shared by all members of the class that he or she seeks to represent." *Hamilton* at 74, quoting 5 Moore, *Federal Practice*, Paragraph 23.21[1] (3d Ed.1997).

{¶9} In reviewing a motion to certify, a trial court is "confined solely to the question of the appropriateness of class certification" and may not make any findings regarding the merits of the plaintiff's cause(s) of action. *Hill v. Moneytree of Ohio, Inc.*, 9th Dist. No. 08CA009410, 2009-Ohio-4614, ¶ 13. "Class action certification does *not* go to the merits of the action." (Emphasis sic.) *Ojalvo v. Bd. of Trustees of Ohio State University*, 12 Ohio St.3d 230, 233 (1984). "When a trial court considers a motion to certify a class, it accepts as true the allegations in the complaint, without considering the merits of those allegations and claims." *Hill* at ¶ 8.

{¶10} Upon our review of the first and second assignments of error, it is apparent that First Ohio and the Sureties have attempted to cast merits-based arguments as arguments sounding in commonality or standing. Their arguments address (1) whether a violation of R.C. 1322.062 results in an injury per se or requires proof of actual damages, and (2) whether First Ohio's disclosure forms violated R.C. 1322.062. Those questions do not bear upon the appropriateness of class certification and are not the proper subject of an appeal at this time. *See Hill* at ¶ 13 (court abused its discretion in class certification when it "examined the merits of the class action" and found that "the evidence produced in preliminary discovery, on its face, demonstrated compliance by [the defendant broker] with R.C. 1322.062"). We acknowledge that the parties were permitted to move for partial summary judgment and, consequently, have already received a ruling on certain substantive issues. This appeal, however, stems solely from

the court's decision to grant class action certification; a decision entered separately from the court's decision granting partial summary judgment to Strickler and Krese. First Ohio and the Sureties cannot challenge the trial court's partial summary judgment rulings in this appeal. Instead, they are limited to the court's ruling on the appropriateness of class certification.

{¶11} To the extent that First Ohio and the Sureties refer to standing in their first assignment of error, standing relates to the class membership prerequisite of class certification, not the commonality prerequisite. *See Mozingo*, 2012-Ohio-5157, at ¶ 14, quoting *Hamilton*, 82 Ohio St.3d at 74. Moreover, to establish standing for purposes of class certification, a plaintiff need only show that he or she shares the same interest and the same injury as other members of the class. *Hamilton* at 74, quoting 5 Moore at Paragraph 23.21[1]. Strickler and Krese's complaint set forth: (1) that they both received disclosure statements from First Ohio during the class period, as did the other members of the class; (2) that First Ohio's disclosure statements violated R.C. 1322.062; and (3) that, as a result of the violation(s), "each member of the Class (including Lynn Strickler and Keith Krese) was actually injured and suffered damages." It also set forth several common questions of law, including whether First Ohio's disclosure statements complied with R.C. 1322.062 and whether First Ohio was liable for the non-complying statements. *See Hamilton* at 77 ("If there is a * * * common liability issue, the [commonality] rule is satisfied."). The trial court was required to view the allegations in the complaint as true without considering their merits. *Hill*, 2009-Ohio-4614, at ¶ 8. First Ohio and the Sureties have not shown that the trial court erred by concluding that Strickler and Krese had standing to sue and that the suit involved common questions of law. To the extent their argument truly addresses standing and commonality, it is overruled. Their remaining arguments exceed the scope of this appeal, as they are merits-based arguments that do not address the appropriateness

of class certification. First Ohio and the Sureties' first, second, and third assignments of error are overruled.

### Assignment of Error Number Four

THE TRIAL COURT ERRED IN CONCLUDING, CONTRARY TO LAW, THAT THE PROSECUTION OF SEPARATE ACTIONS BY INDIVIDUAL MEMBERS OF THE CLASS WOULD CREATE A RISK OF INCONSISTENT OR VARYING ADJUDICATIONS UNDER CIV.R. 23(B)(1)(a).

### Assignment of Error Number Five

THE TRIAL COURT ERRED IN CONCLUDING, CONTRARY TO LAW, THAT THE CLASS IS ENTITLED TO FINAL INJUNCTIVE RELIEF UNDER CIV.R. 23(B)(2).

### Assignment of Error Number Six

THE TRIAL COURT ERRED IN CONCLUDING, CONTRARY TO LAW THAT QUESTIONS OF LAW OR FACT COMMON TO THE MEMBERS OF THE CLASS PREDOMINATE OVER ANY QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS OF THE CLASS.

### Assignment of Error Number Seven

THE TRIAL COURT ERRED IN CONCLUDING, CONTRARY TO LAW, THAT A CLASS ACTION IS THE SUPERIOR METHOD OF ADJUDICATION.

### Assignment of Error Number Eight

THE TRIAL COURT ERRED BY FAILING TO PERFORM A RIGOROUS ANALYSIS OF THE REQUIREMENTS OF CIV.R. 23 PRIOR TO GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION.

{¶12} In each of the foregoing assignments of error, First Ohio and the Sureties argue that the trial court erred in certifying a class action against them for various reasons. We do not agree that the court erred by granting certification.

{¶13} Civ.R. 23 governs class action certifications. Before a court may certify a case as a class action:

(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied.

*In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 6. The plaintiff seeking to certify an action as a class action bears the burden of establishing that all of the prerequisites for certification have been met. *Sliwinski v. Capital Properties Mgt. Ltd.*, 9th Dist. No. 25867, 2012-Ohio-1822, ¶ 12.

{¶14} "A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Rimedio v. SummaCare, Inc.*, 9th Dist. No. 25068, 2010-Ohio-5555, ¶ 33, quoting *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200 (1987), syllabus. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A determination by a trial court regarding class certification that is clearly outside the boundaries established by Civ.R. 23, or that suggests that the trial court did not conduct a rigorous analysis into whether or not the prerequisites of Civ.R. 23 are satisfied, will constitute an abuse of discretion." (Internal citations and quotations omitted.) *Hill*, 2009-Ohio-4614, at ¶ 9, quoting *Cicero v. U.S. Four, Inc.*, 10th Dist. No. 07AP-310, 2007-Ohio-6600, ¶ 10.

{¶15} In the foregoing assignments of error, First Ohio and the Sureties do not challenge any of the first six prerequisites for class certification. *See In re Consol. Mtge. Satisfaction Cases* at ¶ 6. Their arguments are limited to the requirements contained within Civ.R. 23(B). Accordingly, this Court will not analyze the remaining class action prerequisites. The trial court

determined that Strickler and Krese satisfied the provisions of Civ.R. 23(B)(1), 23(B)(2), and 23(B)(3). First Ohio and the Sureties challenge the court's determination as to each subsection. Yet, a class action plaintiff need only satisfy one subsection of Civ.R. 23(B) for class certification. *See id.* (class certification requires that one of the three Civ.R. 23(B) requirements be satisfied). Consequently, if the court correctly concluded that Strickler and Krese satisfied any one of the Civ.R. 23(B) subsections, this Court must uphold the class certification.

{¶16} Although the class action counts against First Ohio and the Sureties also requested injunctive and declaratory relief, the counts primarily sought money damages from the entities. As such, we first determine whether Strickler and Krese satisfied the provisions of Civ.R. 23(B)(3). *See Hamilton*, 82 Ohio St.3d at 79, quoting *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, 95-96 (1988) ("The Rule 23(B)(3) action is the so-called 'damage' action.").

{¶17} Civ.R. 23(B)(3) provides that an action:

> may be maintained as a class action if * * * the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

"The purpose of Civ.R. 23(B)(3) was to bring within the fold of maintainable class actions cases in which the efficiency and economy of common adjudication outweigh the interests of individual autonomy." *Hamilton* at 80. The rule permits numerous individuals "who have small claims that might not be worth litigating in individual actions to combine their resources and bring an action to vindicate their collective rights." *Id.*, quoting 7A Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1777, at 518 (2d Ed.1986).

{¶18} In challenging the predominance requirement of Civ.R. 23(B)(3), First Ohio and the Sureties argue that individual questions would dominate the class action against them because each class member would have to prove an actual injury resulted from any deficiency in their disclosure statement. First Ohio and the Sureties insist that one must prove an actual injury before any damages are recoverable under R.C. 1322.11. They further note that the reason the trial court found some of their disclosure statements defective was that First Ohio's agents did not correctly complete them. Accordingly, First Ohio and the Sureties insist that a class action would actually result in numerous "mini-trials" where the court would be forced to determine: (1) whether any deficiencies existed in each class member's disclosure statement; and (2) whether each class member sustained an actual injury as a result of any deficiency in their disclosure statement. Because the foregoing individual issues would predominate, First Ohio and the Sureties argue, Strickler and Krese failed to meet the predominance requirement.

{¶19} We believe that *Hamilton* answers the foregoing concerns. In *Hamilton*, the Supreme Court held that "a trial court should not dispose of a class certification solely on the basis of disparate damages." *Hamilton* at 81, quoting *Ojalvo*, 12 Ohio St.3d at 232. The parties stipulated to the sixteen different versions of the disclosure statements that First Ohio used from May 2, 2002, forward. By and large, "class action treatment is appropriate where the claims arise from standardized forms or routinized procedures." *Hamilton* at 84. While some differences in the completion of the forms might exist, the fact remains that the class action only would involve a finite number of forms, some of which were alleged to contain deficiencies with their standardized portions. "It is conceivable that a significant amount of time may be spent in this case litigating questions affecting only individual members of the classes. However, clockwatching is neither helpful nor desirable in determining the propriety of class certification."

*Id.* at 85. The fact that the trial court may have to spend considerable time on individual issues is not a bar to class certification so long as common questions predominate. *See In re Consol. Mtg. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 10 ("The mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class."). Such common questions here include whether First Ohio's standardized forms violated R.C. 1322.062, whether First Ohio and the Sureties are liable for violations of R.C. 1322.062, and whether buyers must demonstrate actual injury as a result of such violations before they can recover under R.C. 1322.11. We reject First Ohio and the Sureties' argument that Strickler and Krese failed to satisfy Civ.R. 23(B)(3)'s predominance requirement.

{¶20} In challenging the superiority requirement of Civ.R. 23(B)(3), First Ohio and the Sureties once again argue that a class action would actually result in numerous "mini-trials" that would require much time, effort, and expense. A superiority analysis requires a "comparative evaluation of the other procedures available to determine whether a class action is sufficiently effective to justify the expenditure of judicial time and energy involved therein." *Id.* at ¶ 8, quoting *Schmidt v. Avco Corp.*, 15 Ohio St.3d 310, 313 (1984). First Ohio and the Sureties have not explained how individual actions would be more efficient than a class action. *See* App.R. 16(A)(7). A class action would benefit any plaintiffs whose damage award might be slight and who might otherwise not have the "financial wherewithal" to proceed with a suit against First Ohio and the Sureties. *In re Consol. Mtge. Satisfaction Cases* at ¶ 14. It also would address all of the claims for statutory violations arising from First Ohio's disclosure statements since May 2, 2002, in one action rather than having potential plaintiffs from over a ten-year period each file separate claims. *See id.* at ¶ 15. Moreover, while some difficulties might arise in the

management of the class, we are not convinced that separate actions by individual plaintiffs would result in any less difficulty for the court system. *See id.* at ¶ 16. First Ohio and the Sureties have not shown that Strickler and Krese failed to meet Civ.R. 23(B)(3)'s superiority requirement.

**{¶21}** Finally, First Ohio and the Sureties argue that this Court should reverse the trial court's decision because the court failed to perform a rigorous analysis of the class action requirements. This Court has held that a trial court commits reversible error when it fails to conduct a rigorous analysis of the class action requirements before granting certification. *See Mozingo*, 2012-Ohio-5157, at ¶ 16-17. Nevertheless, "there is no explicit requirement in Civ.R. 23 that [a] trial court make formal findings to support its decision on a motion for class certification * * *." *Hamilton*, 82 Ohio St.3d at 70. We do not believe that the trial court here failed to undertake a rigorous analysis. The court specifically set forth all of the prerequisites for class certification and found that Strickler and Krese satisfied each prerequisite. Although the court did not explain why it found that Strickler and Krese had satisfied each prerequisite, there is no evidence that the court confused any of the prerequisites or failed to meaningfully consider any of them. *Compare Setliff v. Morris Pontiac, Inc.*, 9th Dist. No. 08CA009364, 2009-Ohio-400, ¶ 10 (certification reversed where court's entry suggested that it had conflated the commonality and predominance requirements and, thus, had failed to conduct a rigorous analysis). As First Ohio and the Sureties note in their brief, the parties "extensively briefed their respective positions" before the court's certification decision. Absent something more, this Court will not conclude that the trial court abused its discretion simply because it did not explicitly set forth its rationale for each class prerequisite in its judgment entry. *See Hamilton* at 70.

**{¶22}** Because Strickler and Krese satisfied the predominance and superiority requirements for class certification, the trial court properly certified their class action under Civ.R. 23(B)(3). First Ohio and the Sureties' sixth and seventh assignments of error are overruled, as they address the court's decision to certify the class action under Civ.R. 23(B)(3). First Ohio and the Sureties' fourth and fifth assignments of error address the court's decision to certify the action under Civ.R. 23(B)(1) and 23(B)(2). As previously set forth, however, an action need only satisfy one subsection of Civ.R. 23(B) for it to be maintained as a class action. *See In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, at ¶ 6. Because the action here was appropriately certified under Civ.R. 23(B)(3), First Ohio and the Sureties' challenges to certification under Civ.R. 23(B)(1) and 23(B)(2) are moot. This Court declines to address their fourth and fifth assignments of error. Lastly, this Court rejects First Ohio and the Sureties' argument that the trial court failed to conduct a rigorous analysis of the requirements for class action certification. Consequently, First Ohio and the Sureties' eighth assignment of error is overruled.

### III

**{¶23}** First Ohio and the Sureties' first, second, third, sixth, seventh, and eighth assignments of error are overruled. Their fourth and fifth assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CLIFFORD C. MASCH and ANTHONY CATANZARITE, Attorneys at Law, for Appellants.

LEE M. BREWER and JUSTIN D. OWEN, Attorneys at Law, for Appellant.

THOMAS R. THEADO, Attorney at Law, for Appellees.

JACK MALICKI, Attorney at Law, for Appellees.