[Cite as *Strickler v. First Ohio Banc & Lending, Inc.*, 2016-Ohio-5876.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| LYNN A. STRICKLER, et al. | C.A. No.    15CA010893 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FIRST OHIO BANC & LENDING, INC., et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No.    07-CV-151964 |
| Appellant | |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2016

CARR, Presiding Judge.

**{¶1}** Appellant, First Ohio Banc & Lending, Inc., appeals the judgment of the Lorain County Court of Common Pleas. This Court dismisses the appeal for lack of a final, appealable order.

I.

**{¶2}** On July 27, 2007, Lynn Strickler and Keith Krese ("Borrowers") filed a complaint against First Ohio Banc & Lending, Inc., as well as its employees, James Priebe and Jacob Harmon ("First Ohio Banc"). First Ohio Banc provided home mortgage financing to Borrowers. Borrowers alleged both class action and individual claims. The complaint included claims for breach of fiduciary duty, failure to provide a mortgage loan origination disclosure statement, violation of the Ohio Mortgage Broker Act, violation of the Ohio Consumer Sales Practices Act, and fraudulent inducement.

{¶3} Shortly after the complaint was filed, First Ohio Banc filed a motion to stay proceedings pending arbitration. The trial court issued a journal entry denying the motion. First Ohio Banc appealed, arguing that the trial court erred in concluding that the arbitration agreement did not apply to class actions. On March 30, 2009, this Court issued a decision affirming the trial court's judgment. *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Nos. 08CA009416, 08CA009460, 2009-Ohio-1422. First Ohio Banc appealed our decision to the Supreme Court of Ohio, but the Supreme Court declined jurisdiction. *Strickler v. First Ohio Banc & Lending, Inc.*, 122 Ohio St.3d 1503, 2009-Ohio-4233.

{¶4} Prior to addressing the class certification issue, the parties jointly requested that the trial court address two substantive issues. The parties subsequently filed competing motions for summary judgment. The trial court ultimately granted the Borrowers' partial motion for summary judgment, concluding that (1) First Ohio Banc's disclosure statements violated R.C. 1322.11; and (2) First Ohio Banc was liable for the violations under R.C. 1322.11. In its journal entry, the trial court reasoned that any violation of R.C. 1322.11 necessarily gives rise to an award of damages under R.C. 1322.11 because "Some amount of damages must be assumed in order to effectuate the purpose of the statute to provide disclosure of necessary information to the consumer."

{¶5} The Borrowers subsequently filed a motion for class certification.[1] On January 13, 2012, after extensive briefing by the parties, the trial court issued a journal entry granting the motion certifying the class action pursuant to Civ.R. 23. The class was certified as "all persons who purchased services from First Ohio related to a mortgage loan on Ohio realty during the

---

[1] We note that Borrowers filed multiple amended complaints in this matter. Prior to filing the motion for class certification, Borrowers filed a second amended complaint on January 6, 2011. First Ohio Banc filed a timely answer.

period of May 2, 2002 to the present." First Ohio Banc appealed the trial court's judgment granting the class certification. On March 29, 2013, this Court issued a decision affirming the trial court's judgment. *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 12CA010178, 2013-Ohio-1221. First Ohio Banc appealed and the Supreme Court declined jurisdiction. *Strickler v. First Ohio Banc & Lending, Inc.*, 137 Ohio St.3d 1410, 2013-Ohio-5096.

{¶6} On September 24, 2015, First Ohio Banc filed a motion to decertify the class in the trial court. In support of its motion, First Ohio Banc argued that decertification was necessary in light of the Supreme Court of Ohio's decisions in *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, and *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430. The Borrowers filed a memorandum in opposition to the motion. On November 19, 2015, the trial court issued a journal entry denying the motion.

{¶7} On appeal, First Ohio Banc raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FAILING TO DECERTIFY THE CLASS BASED ON THE PLAINTIFFS' FAILURE TO ESTABLISH THE EXISTENCE OF AN "INJURY CAUSED BY A VIOLATION" AS MANDATED UNDER R.C. 1322.11.

{¶8} In its sole assignment of error, First Ohio Banc contends that the trial court erred when it denied its motion for decertification.

{¶9} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. "For a judgment to be final and appealable, the requirements of R.C.

2505.02 and Civ.R. 54(B), if applicable, must be satisfied." *LEH Properties, Inc. v. Pheasant Run Assn.*, 9th Dist. Lorain No. 07CA009275, 2008-Ohio-4500, ¶ 10, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). R.C. 2505.02(B), states, in a pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> ***
>
> (5) An order that determines that an action may or may not be maintained as a class action[.]

{¶10} On January 27, 2016, this Court issued a magistrate's order indicating that it was unclear if the order denying First Ohio Banc's motion to decertify was final and appealable under R.C. 2505.02(B)(5). At this Court's request, the parties filed memoranda addressing the issue. On February 29, 2016, this Court issued a magistrate's order provisionally determining the issue in favor of jurisdiction and noting that we may revisit the issue during the final disposition of the appeal. The Borrowers subsequently filed a motion to set aside the magistrate's order and asking this Court to dismiss the appeal. First Ohio Banc responded with a brief in opposition to the motion. This Court issued a journal entry denying the motion to set aside the magistrate's order. In denying the motion, this Court informed the parties that it would address the Borrowers' jurisdictional argument in the context of the record, the parties' briefs, and any oral argument presented.

{¶11} First Ohio Banc's central argument in support of jurisdiction is that new circumstances have arisen, by way of the Supreme Court's decisions in *Stammco* and *Felix*, since the time when the initial certification order was entered. First Ohio Banc points to the Sixth District's decisions in *Ralston v. Chrysler Credit Corp.*, 6th Dist. Lucas No. L-98-1312, 1999 WL 769564 (Sept. 30, 1999), and *Williams v. Countrywide Home Loans, Inc.*, 6th Dist. Lucas No. L-06-1120, 2007-Ohio-5353, in support of the proposition that an appellate court may revisit

a class certification in an interlocutory appeal when "new circumstances" arise which did not originally exist when the class was certified. The Borrowers maintain that the motion to decertify was akin to a motion for reconsideration of the initial certification order. The Borrowers argue that because the order denying the motion did not actually determine the class certification issue, the order was not a final, appealable order as contemplated by R.C. 2505.02(B)(5).

{¶12} As an initial matter, we note that the circumstances of this case are fundamentally different than the circumstances confronted by the Sixth District in *Ralston* and *Williams*. In *Ralston*, the defendant was denied an opportunity to appeal the initial class certification, and the basis for permitting an appeal from an order denying a motion to decertify the class was that new factual circumstances had arisen where the interests of the named class representative had become antagonistic to the other class members. *Ralston* at *3. In *Williams*, a case that involved a challenge to the Ohio Fair Housing Act, the trial court conditionally certified a class until discovery could be completed. *Williams* at ¶ 8. While the conditional certification was upheld on appeal, subsequent discovery revealed that the defendant had not preserved unfunded loan files for the first two and a half years of the certified class period. *Williams* at ¶ 9. The Sixth District subsequently entertained a second interlocutory appeal after the plaintiffs sought to locate additional class members through alternative measures and the defendants unsuccessfully moved the trial court to decertify the class.[2] While First Ohio Banc likens the emergence of new case law here to the "new circumstances" that arose in *Ralston* and *Williams*, we find *Ralston* and *Williams* clearly distinguishable in that those cases involved circumstances where there was

---

[2] While the Sixth District's decision in *Ralston* contained an extensive discussion on the jurisdictional issue, the court's decision in *Williams* did not include an analysis of the jurisdictional issue. *Ralston*, *supra*; *Williams*, *supra*.

a dramatic shift in the underlying factual posture of the case subsequent to the initial class certification.

{¶13} Moreover this Court has already reviewed the trial court's January 13, 2012 order in this case that "determine[d] [whether the] action may or may not be maintained as a class action[.]" R.C. 2505.02(B)(5). There is no dispute that the enactment of R.C. 2505.02(B)(5) made it possible for a party to appeal the initial determination regarding whether an action may be maintained as a class action. We recognize a clear distinction, however, between the trial court's order ruling on a motion to certify a class and circumstances such as this where First Ohio Banc essentially asked the trial court to reconsider the matter three years later in light of new case law. Judicial economy is a pertinent concern in class action cases, particularly when the litigation has been ongoing for several years. *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶ 38. While appellate review of the initial order certifying a class action pursuant to R.C. 2505.02(B)(5) promotes the interests of efficiency and judicial economy, allowing appellate review of unsuccessful challenges to the class certification thereafter would lead to an endless string of interlocutory appeals. As the Seventh District has recognized, "Once [the certification] decision is made, further interlocutory decisions in the case do not become final because the case is a class action." *Lucio v. Safe Auto Ins. Co.*, 188 Ohio App.3d. 190, 2010-Ohio-2528, ¶ 36 (7th Dist.). The court reasoned, "[t]he plain language of R.C. 2505.02(B)(5) is that only the order that determines that the action can be maintained as a class action can be appealed, not subsequent orders that apply to the class after certification." *Id*. at ¶ 36. The Eleventh District similarly concluded that once an appellate court has reviewed whether a lawsuit can be maintained as a class action, "R.C. 2505.02(B)(5) does not grant [an appellate court] jurisdiction to review the issue regarding the exact makeup of the class

members" during a subsequent interlocutory appeal. *Asset Acceptance L.L.C. v. Caszatt*, 11th Dist. Lake No. 2011-L-080, 2012-Ohio-1886, ¶ 27. This Court previously affirmed the trial court's order which determined that this matter may be maintained as a class action. *Strickler*, 2013-Ohio-1221, at ¶ 22. As the November 19, 2015 order denying First Ohio Banc's motion to decertify the class was not the order certifying the class for the purposes of R.C. 2505.02(B)(5), the order is not a final, appealable order, and the instant appeal therefrom must be dismissed.

### III.

{¶14} For the foregoing reasons, the trial court's order does not constitute a final, appealable order. Accordingly, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CLIFFORD C. MASCH, BRIAN D. SULLIVAN, and ANTHONY CATANZARITE, Attorneys at Law, for Appellant.

THOMAS R. THEADO, Attorney at Law, for Appellee.

JACK MALICKI, Attorney at Law, for Appellee.