[Cite as *Strickler v. First Ohio Banc & Lending, Inc.*, 2018-Ohio-3835.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| LYNN A. STRICKLER, et al. | C.A. No. 17CA011117 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| FIRST OHIO BANC & LENDING, INC., et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO CASE No. 07-CV-151964 |
| Appellants | |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2018

SCHAFER, Judge.

{¶1} Defendant-Appellant, First Ohio Banc & Lending, Inc. ("First Ohio"), appeals all trial court decisions rendered final and appealable by virtue of the March 7, 2017 judgment entry of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Plaintiff-Appellees, Lynn Strickler and Keith Krese ("Strickler and Krese") commenced this action on July 27, 2007. The lengthy and complex procedural history involves individual and class action claims against First Ohio and other named Defendants. Relevant to this appeal is the class action claim alleging First Ohio's violation of the Ohio Mortgage Broker Act and the judgment entered thereon. Strickler and Krese stand as class-action representatives of the class certified as "all persons who purchased services from First Ohio related to a mortgage loan on Ohio realty during the period of May 2, 2002 to the present." The March 7, 2017 judgment entry awarded damages against First Ohio in favor of the class.

{¶3} This matter first came before this Court for review of the trial court's denial of First Ohio's motion to stay proceedings pending arbitration. *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Nos. 08CA009416, 08CA009460, 2009-Ohio-1422 ("*Strickler I*"). We affirmed the trial court's judgment on March 30, 2009. *Id* at ¶ 15. The Supreme Court of Ohio declined jurisdiction over First Ohio's attempted appeal. *Strickler v. First Ohio Banc & Lending, Inc.*, 122 Ohio St.3d 1503, 2009-Ohio-4233.

{¶4} Thereafter, the parties stipulated to submit two substantive issues for the trial court to determine prior to considering the class certification issue. Ruling on the parties' competing motions for summary judgment, the trial court granted partial summary judgment, concluding that (1) First Ohio did violate former R.C. 1322.062[1] because its Mortgage Loan Origination Disclosure Statement forms did not comply with the content requirements; and (2) First Ohio was liable for the violations under former R.C. 1322.11[2]. The trial court also found that First Ohio was not entitled to protection under the safe harbor provision of former R.C. 1322.11(E). Further, the trial court stated that former R.C. 1322.11 provides for a minimum damage award for a violation of former R.C. 1322.062, and reasoned that "[s]ome amount of damages must be assumed in order to effectuate the purpose of the statute to provide disclosure of necessary information to the consumer."

{¶5} Thereafter, Strickler and Krese moved for class certification and the parties briefed the issues extensively. The trial court issued a journal entry on January 13, 2012, granting the motion certifying the class action pursuant to Civ.R. 23(B)(1), (2), and (3). First Ohio appealed the trial court's judgment granting the class certification and, on March 29, 2013,

---

[1] R.C. 1322.062 was effective until March 23, 2018, but has been repealed by 2017 H.B. 199.
[2] R.C. 1322.11 was effective until March 23, 2018. It was been renumbered to R.C. 1322.52 by 2017 H.B. 199.

this Court issued a decision affirming the trial court's judgment. *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 12CA010178, 2013-Ohio-1221 ("*Strickler II*").

{¶6} In *Strickler II*, First Ohio presented several arguments aiming to establish that certification of the class was not proper. Considering First Ohio's arguments regarding liability, the existence of a common injury, and proof of damages, we acknowledged that the trial court, upon stipulation of the parties, made specific substantive rulings. We explained the trial court was not required to make substantive rulings on the merits of the claims in deciding the issues of class certification, therefore, the scope of our review was limited to determining the appropriateness of the trial court's decision to grant class action certification and whether the prerequisites of Civ.R. 23 were met.

{¶7} Declining to consider any purely merit-based arguments challenging the trial court's substantive rulings, we concluded that First Ohio did not establish that the trial court erred in deciding the issues of standing and commonality for the purposes of certification. *Id*. at ¶ 11. Upon consideration of First Ohio's additional arguments alleging error in granting class certification, we determined that the trial court sufficiently engaged in the requisite rigorous analysis of the class action requirements. *Id*. at ¶ 21. We concluded that the trial court properly found that the predominance and superiority requirements for class certification were met and affirmed the trial court's certification of the class action under Civ.R. 23(B)(3). *Id*. at ¶ 22.

{¶8} First Ohio then appealed this Court's decision affirming the trial court's judgment certifying the class. While that matter was still pending, the Supreme Court of Ohio issued a decision in *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, which First Ohio believed to bear directly upon the class certification issues raised in this matter. However, the Supreme Court did not accept jurisdiction of that appeal. *Strickler v. First Ohio*

*Banc & Lending, Inc.*, 137 Ohio St.3d 1410, 2013-Ohio-5096 (motion to reconsider denied at 137 Ohio St. 3d 1477, 2014-Ohio-176).

{¶9}    On September 24, 2015, First Ohio moved the trial court to decertify the class. First Ohio argued that decertification was necessary in light of the Supreme Court of Ohio's decisions in *Stammco*, and a subsequently decided case: *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 2015-Ohio-3430.    The trial court determined that decertification was unnecessary and issued a journal entry denying the motion.

{¶10}  First Ohio again appealed, contending the trial court erred when it denied its motion to decertify.   *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 15CA010893, 2016-Ohio-5876 ("*Strickler III*").    First Ohio reasoned that this Court had jurisdiction to consider the order denying decertification by arguing that "new circumstances" had arisen—the Supreme Court's decisions in *Stammco* and *Felix*—subsequent to the entry of the initial certification order.  We recognized that the trial court's initial certification order had been final and appealable pursuant to R.C. 2505.02(B)(5), and our affirmance of that order effectively determined that this matter would be maintained as a class action.  *Strickler III*, at ¶ 13.  We distinguished, however, that the motion to decertify was essentially First Ohio's request for "the trial court to reconsider the matter three years later in light of new case law."  *Id.* Accordingly, we determined that because the order denying First Ohio's "motion to decertify the class was not the order certifying the class for the purposes of R.C. 2505.02(B)(5), the order [was] not a final, appealable order, and the instant appeal therefrom must be dismissed."  *Id.*

{¶11}  The matter proceeded in the trial court.   The parties filed cross-motions for summary judgment and the trial court granted summary judgment in favor of the class in the

March 7, 2017, judgment entry. First Ohio timely filed this current appeal, raising two assignments of error for our review.

II.

### Assignment of Error I

**The trial court erred in certifying the class and/or in failing to decertify the class based on the plaintiffs' failure to establish the existence of an "injury caused by a violation" as mandated under R.C. 1322.11.**

{¶12} In the first assignment of error, First Ohio seeks to revisit the issue of class certification. In its merit brief, First Ohio vaguely framed the argument assigning error, and omitted any mention of the appropriate standard of review. First Ohio does not clearly identify the assigned errors in the record, but seems to assume that the trial court's order certifying the class, and our decision in *Strickler II* affirming certification, are subject to reconsideration in this appeal. We must, as a threshold matter, clarify the scope of our review.

**A.  Certification of the Class**

{¶13}  As discussed above, we affirmed the trial court's decision to grant the motion to certify the class action in *Strickler II*. "[W]hen the trial court renders a decision on a particular issue, and that decision is both final and appealable, then following such appeal or waiver of appeal, the aggrieved party is precluded from resubmitting this same issue to the trial court in an effort to obtain a different result." *Rehoreg v. Stoneco, Inc.*, 9th Dist. Lorain No. 04CA008481, 2005-Ohio-12, ¶ 10. The law of the case doctrine holds that the decision of a reviewing court is the law within the reviewed case for all legal questions and for all subsequent proceedings in that case. *Id*. quoting *State ex rel. Sharif v. McDonnell*, 91 Ohio St.3d 46, 47 (2001). The purpose of the doctrine is to "ensure consistency of results in a case, to avoid endless litigation by settling

the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.* quoting *State ex rel. Sharif.*

{¶14} "The doctrine of the law of the case also requires appellate courts to follow their prior rulings on subsequent appeals." *Wears v. Motorists Mut. Ins. Co.*, 9th Dist. Summit No. 22027, 2005-Ohio-341, ¶ 17. An exception to the doctrine may apply if an appellate court, as the only means to avoid injustice, deems it necessary to reexamine the law of the case it has itself previously created. *Weaver v. Motorists Mut. Ins. Co.*, 68 Ohio App.3d 547, 549 (2d Dist.1990), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." *Id.*

{¶15} First Ohio has not specifically addressed the issue or argued any foundation for disregarding the law of the case doctrine to reexamine our prior decision in *Strickler II*. We conclude that, because this Court has already reviewed and affirmed the trial court's initial certification of the class, neither the trial court's initial decision nor our affirmance thereof are the proper subject of review in this appeal. However, subsequent to our affirmance of the class certification, First Ohio prompted reconsideration of the issue in the trial court when it filed its motion to decertify, which the trial court ultimately rejected. Therefore, our review is limited to a determination of whether the trial court erred in declining to decertify the class.

## B. Motion to Decertify

{¶16} First Ohio's arguments in support of its motion to decertify the class were premised upon First Ohio's contention that Strickler and Krese had "not established the existence of any actual 'injury' necessary to participate in a class action under R.C. 1322.11." Despite this argument having been previously rejected by the trial court upon certifying the class and by this

Court affirming certification, First Ohio argued that the "new controlling case law" in the *Stammco* and *Felix* decisions supported its position that the "loss of information" under R.C. 1322.062 is not sufficient injury to participate in the statutory remedy of R.C. 1322.11. *See Stammco,* 136 Ohio St.3d 231 (decided July 16, 2013), and *Felix*, 145 Ohio St.3d 329 (decided August 27, 2015).

{¶17} First Ohio now urges that "[t]he unique circumstances surrounding [the] original certification of this class, this Court's prior review of the class certification[,] and Ohio Supreme Court jurisprudence issued after this Court's prior review compel this Court[']s consideration of this issue." First Ohio maintains that the *Stammco* and *Felix* decisions directly impact the class certification in this matter, and render the trial court's basis for certifying the class invalid under Ohio Law.

{¶18} Generally, the law of the case doctrine would preclude the trial court from exercising discretion to revisit the issue of certification after affirmance on appeal. *See Rehoreg* at ¶12. However, "extraordinary circumstances, such as an intervening decision by [a superior court]" create an exception to the doctrine. *Nolan*, 11 Ohio St.3d 1, at paragraph one of the syllabus. To determine whether it would even be permissible for the trial court to reconsider class certification, we examine whether *Stammco* or *Felix* qualify as "intervening decisions" that would present the extraordinary circumstances required to permit the trial court to disregard the law of the case in this matter. An "intervening decision" must: (1) be issued by a superior court, (2) be decided between resolution of the first and second appeals, and (3) state a rule of law that is contrary to the earlier mandate of the appellate court. *See State ex rel. Crandall, Pheils & Wisniewski v. DeCessna,* 73 Ohio St.3d 180, 183 (1995).

## C. **"Intervening Decision" Analysis**

### 1. *Stammco v. United Tel. Co. of Ohio*

{¶19} In *Stammco* the Supreme Court of Ohio accepted review of a Sixth District Court of Appeals decision to consider whether a trial court abuses its discretion by evaluating the merits of a plaintiff's claim in denying class certification. *Stammco*, 136 Ohio St.3d at ¶ 2. The Court held that "[a]t the certification stage in a class-action law suit, a trial court must undertake a rigorous analysis, which *may include* probing the underlying merits of the plaintiffs' claims, but only for the purpose of determining whether the plaintiff has satisfied the prerequisites of Civ.R. 23." (Emphasis added.) *Id.* at syllabus (following *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) and *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455 (2013).) "However, a trial court's consideration of the underlying merits of a plaintiff's claim at the certification stage is not unfettered." *Id.* at ¶ 33. "'Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the [Civ.R. 23] prerequisites for class certification are satisfied.'" *Id.* quoting *Amgen* at 466, citing *Dukes* at 351, fn. 6.

{¶20} The *Stammco* decision did not alter the existing law or impose any new obligation regarding the trial court's review of the merits of the underlying claim to certify a class—rather it clarified that trial courts are not prohibited from undertaking such a review to the extent necessary to make a Civ.R. 23 determination. In the case at bar, there was no discernable issue involving the trial court exceeding the permissible bounds of inquiry to consider the merits of the claim in deciding the issue of certification. Furthermore, First Ohio has not adequately articulated how the holding in *Stammco* is relevant to the issues of injury and damages in the instant matter. Therefore, we conclude that First Ohio's reliance on *Stammco* as an intervening

decision is misplaced[3], and the trial court did not err in declining to decertify the Class in light of its holding.

## 2. *Felix v. Ganley*

**{¶21}** In *Felix* the Supreme Court of Ohio considered "whether all members of a plaintiff class alleging violations of the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. Chapter 1345, must have suffered injuries as a result of the conduct challenged in the suit." *Felix*, 145 Ohio St.3d at ¶ 1. Interpreting former R.C. 1345.09, the Supreme Court stated that, while class actions are authorized under the OCSPA, the class recovery is limited to actual damages. *Id*. at ¶ 29. Viewing the Civ.R. 23 requirements in light of the fact that "[p]laintiffs bringing OCSPA class-action suits must allege and prove that actual damages were proximately caused by the defendant's conduct," the Court, in this context, indicated that "[p]roof of actual damages is required before a court may properly certify a class action." *Id*. at ¶ 31.

**{¶22}** In its analysis, the Supreme Court discussed that, when evaluating damages in a predominance inquiry, the *amount* of damages is an individual question that does not defeat class certification; however, if a proposed class would require the court to determine the individualized *fact* of damages—or existence of an injury—the predominance requirement is not met. *Id*. at ¶ 34. "If the class plaintiff fails to establish that all of the class members were damaged (notwithstanding questions regarding the individual damages calculations for each class member), there is no showing of predominance under Civ.R. 23(b)(3)." *Id*. at ¶ 35. The Court then held "that all members of a class in class action litigation alleging violations of the OCSPA must have suffered injury as a result of the conduct challenged in the suit." *Id*. at ¶ 36.

---

[3] The *Stammco* decision was issued prior to the Supreme Court declining jurisdiction over the appeal of our decision affirming certification in *Strickler II*, thus the Supreme Court had the opportunity to consider the relevance of *Stammco* before making that decision.

{¶23} The issue in *Felix* arose "at the intersection of class-action suits and the OCSPA." *Felix*, 145 Ohio St.3d at ¶ 23. The *Felix* court determined, based on the class action damages limitation of the OCSPA, that the class failed because there was no showing that all class members suffered injury and sustained damages as a result of the conduct violating the OCSPA. *Id*. at ¶ 37-40. Our review of *Felix* leads us to conclude that it did not announce a new rule of law, but rather clarified the law respecting class action damages under OCSPA. Moreover, we are not persuaded that the Supreme Court intended to extend its holding in *Felix* to apply, not only to OCSPA class actions, but also to other types of class actions.

{¶24} First Ohio has not presented any convincing argument to support its contention that *Felix* is applicable to the claim in this action. In this case, the class brought this claim under the Ohio Mortgage Broker Act, which, most significantly, does not contain any similar provision to OCSPA language limiting recovery of damages in a class action. *See* former R.C. 1322.11. We conclude, therefore, that *Felix* does not state a rule of law contrary to our earlier mandate and, therefore, is not an intervening decision. *See DeCessna,* 73 Ohio St. 3d at 183. Thus, the trial court did not err in declining to decertify the class based on this decision.

*3. Conclusion*

{¶25} Neither *Felix* nor *Stammco* stated a rule of law contrary to our earlier mandate in *Strickler II*. Therefore, neither constitutes an "intervening decision" sufficient to create an exception to the law of the case doctrine. *Id*. Accordingly, the trial court was without discretion to revisit the issue of certification as affirmed by this Court in the prior appeal.

{¶26} Furthermore, in the case at bar, the trial court considered and rejected, prior to certifying the class, First Ohio's argument that proof of injury requires more than the loss of statutorily mandated information. The trial court later revisited its initial substantive rulings on

the issue and, after certification, permitted additional briefing to determine whether those rulings should expressly apply to the certified class. The trial court then ruled that the "prior substantive decision, that found that [First Ohio] violated certain statutory requirements and that [First Ohio] was liable to the named Plaintiffs for statutory damages, shall be applied to all the class members." Ultimately, the trial court decided the merits of the claim, and rendered judgment against First Ohio and in favor of the class. First Ohio has not challenged the merits of the trial court's subsequent substantive decisions regarding liability and damages.

{¶27} Because we have determined that the law of the case doctrine applied without exception, we further conclude that the trial court did not err in denying the motion to decertify.

{¶28} First Ohio's first assignment of error is overruled.

### Assignment of Error II

**The trial court erred, contrary to law, in finding that the printed fee calculation statement in First Ohio's disclosure form was deficient under R.C. 1322.11(A)(1)(f) [sic].**

{¶29} In this assignment of error, First Ohio cites a non-existent subsection of former R.C. 1322.11[4] to contend that the trial court erred by finding "the printed fee calculation statement" in a disclosure form deficient. However, a review of the very limited discussion of the issue reveals that First Ohio's argument does not align with the stated assignment of error. First Ohio instead attempts to argue that the trial court erred in determining that First Ohio was not entitled to safe harbor provisions of former R.C. 1322.11(E), which stated:

> No person shall be deemed to violate sections 1322.01 to 1322.12 of the Revised Code with respect to any act taken or omission made in reliance on a written notice, written interpretation, or written report from the superintendent, unless there is a subsequent amendment to those sections, or rules promulgated thereunder, that affects the superintendent's notice, interpretation, or report.

---

[4] Although former R.C. 1322.11 did not include a subsection "(A)(1)(f)", First Ohio might have intended to cite former R.C. 1322.062(A)(1)(f).

**{¶30}** First Ohio asserts that "the deficiency identified by the trial court in support of class certification was premised on the printed 'fee calculation' statement" on First Ohio forms. First Ohio mentions forms "F0000349, F0000351, and F0000353" but does not clarify the relevance of these three particular forms, and fails to indicate where such forms may be located in the record. *See* App.R. 12(A)(2). Presumably in reference to those forms, First Ohio states: "this language came verbatim from that as contained on the state exemplar form." Unfortunately, First Ohio fails to identify the actual language at issue in the forms, and further neglects to specify what language from the "state exemplar form" it seeks to compare to the language in its own forms.

**{¶31}** First Ohio contends that, despite its reliance on "language contained in the exemplar form," the trial court determined that First Ohio was not entitled to safe harbor protection under former R.C. 1322.11(E). Then, quoting a paragraph from the trial court's January 13, 2011 entry[5], First Ohio asserts that trial court reached an incorrect conclusion regarding safe harbor based on the reasoning contained therein. First Ohio then makes the unsupported, conclusory proclamation that it is "entitled to Safe Harbor protection based upon its reliance on the printed 'fee calculation' language contained on the State Exemplar Form."

**{¶32}** It is also not clear from the brief whether First Ohio ever raised to the trial court the argument it is attempting to make in this appeal. Throughout this case the trial court has issued multiple rulings, in some instances entertaining motions to reconsider, on the substantive issues related to the language of the disclosure forms, liability for violations of former R.C. 1322.062, and the applicability of safe harbor provisions. However, aside from referencing the

---

[5] First Ohio does not discuss the significance of this January 13, 2011 entry. Our review reveals that the entry addresses a second motion for reconsideration relative to the trial court's journal entries of September 13, 2010 and November 9, 2010.

January 13, 2011 entry—which was issued prior to certification of the class and prior to the post-certification summary judgment decision reaffirming the trial court's prior rulings on liability—First Ohio has failed to present any argument giving context to the assigned error, relating the facts and procedural history of this case to the assigned error, or even asserting an applicable standard of review.

{¶33} Otherwise put, First Ohio has failed to comply with App.R. 16(A)(6), which requires that First Ohio's brief include "[a] statement of facts relevant to the assignments of error presented for review, with appropriate references to the record[.]" Further, First Ohio's woefully underdeveloped argument does not accurately relate to the assigned error and also fails to comport with App.R. 16(A)(7). Pursuant to that rule, an appellant's brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7).

{¶34} First Ohio bears the burden of affirmatively demonstrating the assigned error through a properly supported argument with citations to legal authority and facts in the record, and it is not the function of this court to construct an argument on First Ohio's behalf. *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9. We conclude that First Ohio has not met this burden; therefore, we are unable to determine whether the trial court committed any reversible error. Pursuant to App.R. 12(A)(2) and App.R. 16(A), we disregard this assignment of error based on the deficiencies outlined above and the failure to comply with the appellate rules. *See id*. at ¶ 10.

{¶35} First Ohio's second assignment of error is overruled.

III.

**{¶36}** First Ohio's assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CONCURS IN JUDGMENT ONLY.

HENSAL, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

15

**{¶37}** I concur with the majority's resolution of the second assignment of error. I disagree, however, with the majority's resolution of the first assignment of error. Specifically, I disagree with the lead opinion's reliance on *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Lorain No. 12CA010178, 2013-Ohio-1221 ("*Strickler II*"), for purposes of holding that the law-of-the-case doctrine precludes this Court from reviewing the original class certification, and that it precluded the trial court from revisiting the certification issue. Given the fact that this Court declined to address certain merits-based issues in *Strickler II* that First Ohio has again raised on appeal, I would hold that the law-of-the-case doctrine is inapplicable. *Id*. at ¶ 22. I, therefore, respectfully concur in part, and dissent in part.

APPEARANCES:

CLIFFORD C. MASCH, BRIAN D. SULLIVAN and ANTHONY CATANZARITE, Attorneys at Law, for Appellant.

THOMAS R. THEADO, Attorney at Law, for Appellee.

JACK MALICKI, Attorney at Law, for Appellee.